UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| J & J HOMEBUILDERS, INC. d/b/a HOMESOURCE, | ) ) ) | |
| Plaintiff/Claimant | ) ) | Case No. 4:09-bk-51420 Petition No. 09-51420 |
| v. | ) ) | Chapter 7 Bankruptcy |
| ROKAS VARANAVICIUS | ) ) | Judge: Barry S. Schermer |
| Defendant/Debtor | ) | |

## COMPLAINT OBJECTING TO DISCHARGE

COMES NOW Plaintiff, J & J HOMEBUILDERS, INC. d/b/a HOMESOURCE, by and through its attorneys, Armbruster, Dripps, Winterscheidt & Blotevogel, LLC, and in support of its Complaint Objecting to Discharge, states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(1) and is within the District Court's jurisdiction pursuant to 28 U.S.C. § 1334.

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. At all relevant times to this Complaint Objecting to Discharge ("Complaint"), Plaintiff, J & J HOMEBUILDERS, INC. d/b/a HOMESOURCE ("HomeSource") was and is a Missouri Corporation with its principal place of business located in Jefferson County, Missouri.

4. Debtor, Rokas Varanavicius ("Debtor"), is and was a resident of the City of St. Louis at all relevant times to this Complaint.

5. Debtor filed a Voluntary Petition for Chapter 7 bankruptcy on November 10, 2009 ("Petition"). (Doc. 1).

6. Pursuant to 11 U.S.C. §§ 523(a) and 727(a), Plaintiff is a creditor of Debtor and seeks a determination that Debtor's debt to Plaintiff is not dischargeable.

7. Prior to filing said Petition, Debtor was one of five named defendants in a case in which Plaintiff brought a six-count Petition ("HomeSource Petition") against all five named defendants alleging Breach of Contract, Breach of Personal Guaranty, Quantum Meruit, Unjust Enrichment, On Account, and Breach of Tax Assignment Agreement. (J & J Homebuilders, Inc. d/b/a HomeSource v. Cherokee Villas, LLC, St. Louis County Circuit Court, Cause No. 08SL-CC03355 (August 7, 2008)).

8. On August 14, 2009, the J & J Homebuilders, Inc. court awarded Plaintiff $717,428.00 to be paid by Debtor and the other four defendants, joint and severally ("judgment amount"). (Id., Judgment and Order (August 14, 2009)).

9. This judgment amount is at issue in Plaintiff's bankruptcy proceedings. (Petition, Schedule F and Statement of Financial Affairs).[1]

10. Debtor's Petition seeks to discharge the judgment amount under Chapter 7 of the Bankruptcy Code. (Petition).

11. Upon the filing of a bankruptcy petition, a court shall grant the debtor a discharge unless the debtor concealed from a creditor information pertinent to the debt and/or presented creditor falsified information regarding said debt. (§ 727(a)(3)-(7); see also 11 U.S.C. § 523(a)(2)).

12. Another reason a court should deny a debtor's request for discharge is if the debtor failed to keep or reserve recorded information, such as books, documents, records,

---

[1] Although the amount stated on the J and J Homebuilders Inc.' Order and Judgment was $717,248.00, Debtor listed $725,583.00 on Schedule F of his Petition and $717,248.00 on the Petition's Statement of Financial Affairs.

and papers from which the debtor's financial condition or business transactions might be ascertained. (11 U.S.C. § 727(a)(3)).

13. Debtor represented to Plaintiff, subsequent to Plaintiff's filing of HomeSource's Petition, that Debtor knew he owed Plaintiff money. He further represented to Plaintiff that he felt no obligation to pay because he would just file bankruptcy if the J & J Homebuilders, Inc. court ruled against him.

14. During negotiations to obtain financing from Plaintiff, Debtor knowingly and fraudulently represented to Plaintiff that he (and the other named defendants in J & J Homebuilders, Inc.) did not own the building(s) next door to 326 Cherokee Street, St. Louis, Missouri 63118 and/or 3410 Virginia Avenue, St. Louis, Missouri 63118 (the "financed properties").

15. Debtor repeatedly, knowingly, and intentionally concealed from Plaintiff that Debtor had ownership in the property next door to one or more of the financed properties, which Plaintiff would have demanded be used as security for any financing given to Debtor regarding the financed property.

16. Debtor knowingly and fraudulently represented to Plaintiff that the tax credits it assigned to Plaintiff were worth $150,000.00 when in reality they were worth much less, which was a material misrepresentation regarding a term of the financing agreement.

17. Debtor knowingly and fraudulently represented to Plaintiff that the state of rehabilitation of the financed properties, which began prior to Debtor receiving financing from Plaintiff, was further completed than it was. Had Debtor accurately informed Plaintiff of the state of rehabilitation prior to receiving the financing, Plaintiff would not

have agreed to the amount of financing and/or other terms of the agreement.

18. Debtor knowingly and fraudulently represented to Plaintiff that all monies financed for use of the financed properties would be used solely for the improvement of the financed properties when, in fact, some of the financed proceeds were spent used in ways unrelated to the financed properties.

19. Debtor knowingly and fraudulently represented to Plaintiff that Debtor (and/or one of the other four co-defendants named in J & J Homebuilders, Inc.) would supervise the construction/rehabilitation of the financed properties, and that did not occur.

20. Debtor knowingly and fraudulently represented to Plaintiff that Debtor (and/or one of the other four co-defendants named in J & J Homebuilders, Inc. with Debtor's knowledge) had insured the financed property when in fact that had not occurred.

21. Debtor knowingly and fraudulently represented to Plaintiff that the financed properties, at the completion of rehabilitation, could be sold as individual single family homes. At some time after Plaintiff provided Debtor with financing, Plaintiff discovered that Debtor (and/or one of the other four co-defendants named in J & J Homebuilders, Inc.) did not subdivide the financed properties and/or could not.

22. The failure and/or inability to subdivide the financed properties significantly decreased the appraised value of the property. The inability to sell the financed properties separately meant that the financed properties would remain rental units. That, as well as other factors, meant that the actual appraised value was approximately $250,000.00 rather than the fraudulently represented appraised value of $1,102,248.00.

23. Plaintiff would not have provided Debtor financing for the financed properties

had Debtor truthfully informed Plaintiff of the facts stated above in ¶¶ 21-22, Plaintiff would not have provided Debtor with financing.

24. Debtor (and/or one of the other four co-defendants named in J & J Homebuilders, Inc. with Debtor's knowledge and consent) removed, altered, and/or destroyed documents in the files of Continental Title, the title company for the financed properties.

25. Debtor (and/or one of the other four co-defendants named in J & J Homebuilders, Inc. with Debtor's knowledge and/or consent) knowingly and intentionally failed to comply with a J & J Homebuilders, Inc. court order compelling Debtor to provide all documents he (and/or any of the other four co-defendants) removed from the files of Continental Title that related to the financed properties.

26. Paragraphs 13-25 above identify Debtor's fraudulent behavior toward Plaintiff regarding material facts that were litigated in J & J Homebuilders, Inc., which are sufficient grounds under §§ 523 and 727 to deny Debtor's request to discharge Plaintiff's claim of $717,248.00 that relates to the Judgment and Order by the J & J Homebuilders, Inc.'s court.

WHEREFORE, Plaintiff J & J HOMEBUILDERS, INC., d/b/a HOMESOURCE, respectfully requests that this Court enter an order that denies Debtor's request to discharge Plaintiff's claim of $717,248.00, or any other amount owed to Plaintiff, that relates to the Judgment and Order by the <u>J & J Homebuilders, Inc.</u>'s court, award Plaintiff court costs and legal expenses, including attorney's fees, and for any other relief that this Court deems just and proper.

Respectfully submitted,

J & J HOMEBUILDERS, INC. d/b/a HOMESOURCE

By:_____/s/ Michael Blotevogel_____
    Michael Blotevogel
    E.D. Mo. Bar # 499378
    Missouri Bar # 55030
  Armbruster, Dripps, Winterscheidt & Blotevogel, LLC
    219 Piasa Street
    P.O. Box 8338
    Alton, IL 62002
    (618) 208-0320
    Toll Free (800) 917-1529
    Fax (800) 927-1529
    E-mail mikeb@adwblaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 17, 2010, I electronically filed Plaintiff's Complaint Objecting to Discharge with the Clerk of the Court using the CM/ECF system which will serve all necessary parties with this document other than the following, who was served via first class U.S. Mail, postage prepaid:

St. Louis Community Credit Union
3651 Forest Park Avenue
St. Louis, MO 63108

_____/s/ Michael Blotevogel_____